UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 1:11-CV-20335-COOKE/TURNOFF

MIRTA KHAN, ET AL.; others similarly situated,

  Plaintiffs,

 v.

H&R BLOCK EASTERN ENTERPRISES, INC.,
ET AL.,

  Defendants.
_____/

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS CERTAIN
PLAINTIFFS BASED ON THE RULE AGAINST CLAIM-SPLITTING**

Dennis M. McClelland
 Florida Bar ID No. 0091758
 dennis.mcclelland@phelps.com
Reed L. Russell
 Florida Bar ID No. 184860
 reed.russell@phelps.com
PHELPS DUNBAR LLP
100 South Ashley Dr., Suite 1900
Tampa, FL 33602
Telephone: (813) 472-7550
Facsimile: (813) 472-7570

Attorneys for Defendant H&R Block

Robert J. Carty, Jr.
 Texas Bar ID No. 00788794
 (Admitted *pro hac vice*)
 rcarty@seyfarth.com
Esteban Shardonofsky
 Texas Bar ID No. 24051323
 (Admitted *pro hac vice*)
 sshardonofsky@seyfarth.com
SEYFARTH SHAW LLP
700 Louisiana St., Suite 3700
Houston, TX 77002
Telephone: (713) 225-2300
Facsimile: (713) 225-2340

Attorneys for Defendant H&R Block

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................... 1

II.  ARGUMENT AND AUTHORITIES ................................................................... 2

   A.   Each Plaintiff's Minimum-Wage Claim Arises From the Same Nucleus of Operative Facts as His or Her Separate Overtime Claim. ....................... 2

   B.   This Case Involves the Same Parties as the Individual Cases. ............... 3

   C.   Plaintiffs' Remaining Arguments Also Fail. ........................................... 5

      1.   It Does Not Matter That Plaintiffs Bring Their Minimum-Wage Claims Under Florida Law. ................................................................ 5

      2.   Plaintiffs' Jurisdiction-Based Argument Is a Red Herring and Lacks Legal Support. ................................................................................ 8

III. CONCLUSION ..................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Aquatherm Industries, Inc. v. Florida Power & Light Co.*,
  84 F.3d 1388 (11th Cir. 1996) .................................................................................6, 7, 8, 9

*Castillo v. N&R Svcs. of Central Florida, Inc.*,
  No. 8:07-cv-1804-T-26EAJ, 2008 U.S. Dist. LEXIS 36882 (M.D. Fla. May 1, 2008) ............9

*Chuy v. Hilton Mgmt. LLC*,
  No. 6:10-cv-178-Orl-31DAB, 2010 WL 1854120 (M.D. Fla. May 10, 2010) .........................9

*Davila v. Delta Air Lines, Inc.*,
  326 F.3d 1183 (11th Cir. 2003) ..........................................................................................6

*DeAsencio v. Tyson Foods, Inc.*,
  342 F.3d 301 (3d Cir. 2003) ............................................................................................7, 8

*Demauro v. The Limo, Inc.*,
  No. 8:10-cv-413-T-33AEP, 2010 WL 2471501 (M.D. Fla. June 17, 2010) .............................9

*Department of Agric. and Consumer Serv. v. Mid-Florida Growers, Inc.*,
  570 So.2d 892 (Fla. 1990) ..................................................................................................8

*Fernandes v. Quarry Hills Associates*,
  No. 09-11912-JGD, 2010 WL 5439785 (D. Mass. Dec. 28, 2010) ..........................................3

*Greene v. H&R Block Eastern Enters., Inc.*,
  727 F. Supp. 2d 1363 (S.D. Fla. 2010) ..................................................................1, 2, 3, 4, 5

*I.A. Durbin, Inc. v. Jefferson Nat'l Bank*,
  793 F.2d 1541 (11th Cir. 1986) ..........................................................................................4

*Illano v. H&R Block Eastern Enters.*,
  No. 1:09-cv-22531-JLK (S.D. Fla.) .................................................................................2, 3, 4

*Jang v. United Technologies Corp.*,
  206 F.3d 1147 (11th Cir. 2000) ..........................................................................................6

*Johnson v. Express Svc. Messenger & Trucking, Inc.*,
  No 07-20007-CIV-MORENO/SIMONTON, 2008 U.S. Dist. LEXIS 60243 (S.D. Fla. July 25, 2008)..........................................................................................................................9

PD.5215499.1

*Kwasnik v. Charlee Family Care Svcs. of Central Florida, Inc.*,
   No. 6:08-cv-926-Orl-31KRS, 2009 WL 1607809 (M.D. Fla. June 9, 2009) .......................... 9

*Lyon v. Whisman*,
   45 F.3d 758 (3d Cir. 1995) ................................................................................................... 6

*Molina v. Sea-Land Svcs., Inc.*,
   2 F. Supp. 2d 180 (D. P.R. 1997) ......................................................................................... 3

*Newton v. Southern Wood Piedmont Co.*,
   163 F.R.D. 625 (S.D. Ga. 1995) ........................................................................................... 8

*Perez v. Palermo Seafood, Inc.*,
   548 F. Supp. 2d 1340 (S.D. Fla. 2008) ................................................................................. 9

*Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.*,
   572 F. Supp. 1210 (N.D. Ill. 1983) ................................................................................... 4, 8

*Santiago v. Wm. G. Roe & Sons, Inc.*,
   No. 8:07-CV-1786-T-27MAP, 2008 U.S. Dist. LEXIS 60719 (M.D. Fla. July 28,
   2008) .................................................................................................................................... 9

*Vitola v. Paramount Automated Food Svcs., Inc.*,
   No. 08-61849-CIV, 2009 WL 3242011 (S.D. Fla. Oct. 6, 2009) ......................................... 9

**STATUTES**

29 U.S.C. §216(b) ....................................................................................................................... 8

FLA STAT. 448.110(6)(a) ............................................................................................................ 8

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23 ........................................................................................................................ 4

*Restatement (Second) of Judgments* § 25 ................................................................................... 6

*The Florida Minimum Wage Act: Thoughts on the Impending Notice Debate*, 22 ST.
   THOMAS L. REV. ................................................................................................................... 9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 1:11-CV-20335-COOKE/TURNOFF

MIRTA KHAN, ET AL.; others similarly situated,

      Plaintiffs,

  v.

H&R BLOCK EASTERN ENTERPRISES, INC.,
ET AL.,

      Defendants.
_____/

### DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS CERTAIN PLAINTIFFS BASED ON THE RULE AGAINST CLAIM-SPLITTING

Defendant H&R Block Eastern Enterprises, Inc. ("H&R Block" or the "Company") files this reply brief in support of its Motion To Dismiss Certain Plaintiffs Based on the Rule Against Claim-Splitting (the "Motion").

**I.   INTRODUCTION**

Improper claim-splitting occurs when a plaintiff tries to maintain multiple suits that: (1) involve the same parties; and (2) arise from the same nucleus of operative facts. Here, it is beyond dispute that Plaintiffs are suing the same defendant in multiple cases for claims that arise from the same nucleus of operative facts. It is also beyond dispute that Judge King decided this very question in *Greene v. H&R Block Eastern Enters., Inc.*[1]—a case that involved the same factual allegations, the same roster of defendants, and many of the same Plaintiffs now before this Court. Nonetheless, Plaintiffs respond to H&R Block's Motion with a combination of superficial denials and alternative arguments that not only lack legal support, but have been rejected by the courts. Because Plaintiffs have provided no reason to deviate from the well

---

[1] 727 F. Supp. 2d 1363 (S.D. Fla. 2010).

established rule against claim-splitting—and fail to explain why *Greene* is not dispositive of the issues presented—H&R Block's Motion should be granted.

## II.  ARGUMENT AND AUTHORITIES

### A.  Each Plaintiff's Minimum-Wage Claim Arises From the Same Nucleus of Operative Facts as His or Her Separate Overtime Claim.

H&R Block established in its Motion that each Plaintiff's minimum-wage claim arises out of the same nucleus of operative facts as his or her overtime claim, which he or she is pursuing in a separate case.[2]  In so doing, the Company cited several court decisions, including Judge King's decision in *Greene*, recognizing that such claims all arise out of the employer's alleged failure to pay a plaintiff for all hours worked.  The Company also pointed out Plaintiffs' counsel's concession in *Greene* that the plaintiffs' minimum-wage claims were "virtually identical" to their overtime claims pending in the separate *Illano* case,[3] and that both kinds of claims would "involve a multitude of common questions of both law and fact ... [such as the] facts of these individuals supervisors and witnesses."[4]

Ignoring the *Greene* decision and their own counsel's previous statements to Judge King, Plaintiffs now contend that "The Operative Facts in This Case Differ From the Individual Suits."[5]  They argue that the claims are different because this case focuses on allegedly unpaid non-overtime hours (that is, hours one through 40), while their individual suits concentrate on overtime hours (that is, hours 41 and up).[6]  In other words, the only difference between their claims is whether the allegedly unpaid time occurred before or after a given Plaintiff had reached 40 hours in that work week.  Each Plaintiff thus proposes to pursue two cases simultaneously, apportioning his or her alleged damages between the cases based solely on when during any

---

[2] Motion at 8-11.

[3] *Illano v. H&R Block Eastern Enters.*, No. 1:09-cv-22531-JLK (S.D. Fla.).

[4] *Greene*, 727 F. Supp. 2d 1367-68.

[5] Response at 9.

[6] *Id.*

given work week a particular off-the-clock hour supposedly occurred. It is hard to imagine a more perfect example of claim-splitting.

Plaintiffs' minimum-wage claims derive from the same nucleus of operative facts as do their individual overtime claims—namely, H&R Block's alleged failure to pay them for all their work hours.[7] Not only did Judge King already decide this very question in *Greene*, but Plaintiffs' counsel agreed with his finding. Plaintiffs provide no reason to treat this case any differently. Plaintiffs' duplicative claims should be dismissed.

### B. This Case Involves the Same Parties as the Individual Cases.

H&R Block has also established that the parties in this case are the same as those in the individual cases.[8] Plaintiffs do not dispute that they are suing H&R Block both here and in their parallel individual cases. Nor do they challenge Judge King's conclusion in *Greene*—under identical facts—that the parties were the same.[9] Instead, they suggest that the plaintiffs here differ simply because they have styled this case as a class action.

Plaintiffs' argument fails for four reasons. First, Judge King dismissed Plaintiffs' claims in *Illano* and instructed them to proceed with "separate suits."[10] Plaintiffs cannot bypass that

---

[7] *See Fernandes v. Quarry Hills Associates*, No. 09-11912-JGD, 2010 WL 5439785 (D. Mass. Dec. 28, 2010) (dismissing FLSA overtime claim because it duplicated a state-law claim for non-overtime wages); *Molina v. Sea-Land Svcs., Inc.*, 2 F. Supp. 2d 180, 183 (D. P.R. 1997) (finding that plaintiff's previous lawsuit for unpaid sick leave barred a subsequent claim for overtime: "The claim for overtime under Puerto Rico Law would also be barred … because under *res judicata* claim preclusion principles both federal and state (P.R.) 'a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were raised or could have been raised in that action.'").

[8] Motion at 8.

[9] *Greene*, 727 F. Supp. 2d at 1367.

[10] *Illano* decertification order at 8 (attached to Motion as Exhibit 3). *See also* Motion at 12 n.47, noting that Kantrell Young was not a plaintiff in *Illano*, but should nonetheless be subject to Judge King's decision because it is such a powerful precedent.

order by bringing a separate class action for claims that must be brought, if at all, in the same suit as their individual claims.[11] Their attempt to rely on class allegations thus fails at the outset.

Second, H&R Block's Motion is not directed at absent members of a proposed (that is, uncertified) class. The Motion specifically states that it is directed solely at the 47 Plaintiffs who have split their wage claims into multiple suits.[12] It does not address any other plaintiff in this case, let alone unidentified members of a proposed class that does not exist.

Third, Plaintiffs cite no authority for the proposition that a plaintiff may sidestep *res judicata* or the claim-splitting doctrine simply by styling his or her case as a putative class action. To the contrary, courts have recognized that pleading a class action does not permit plaintiffs to maintain improper duplicative actions:

> [I]t is [the named plaintiffs who] are before the court, not members of a class that the court might eventually certify if the action were allowed to proceed. *These [named] plaintiffs cannot circumvent inquiry into their personal qualifications to maintain this action by vicariously asserting the claims of members of a putative class.* … Since they are not now parties to this action, neither can uncertified class members provide a basis for the court to find that this case is not duplicative of [a second case] on the ground that the parties in the two suits differ.[13]

Thus there is no legitimate reason to allow Plaintiffs to split their claims by invoking Rule 23.

Fourth, Judge King's decision in *Greene* is instructive. The plaintiffs in *Greene* had pleaded their case as a collective action under the FLSA. As here, no class had been certified; in *Illano*, by contrast, a class *had* been conditionally certified.[14] Judge King nonetheless found that the parties were the same in each case.[15] Just as in *Greene*, Plaintiffs' class pleadings here do not

---

[11] *See generally Greene.*

[12] *See* Motion at 1 & n.2.

[13] *Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.*, 572 F. Supp. 1210, 1213-14 (N.D. Ill. 1983) (emphasis added; citation omitted), cited as precedent in *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986).

[14] *Greene*, 727 F. Supp. 2d at 1365.

[15] *Id.* at 1367.

permit them to split their claims. To hold otherwise would create a massive loophole in the claim-splitting doctrine that would elevate form over substance.

Plaintiffs cannot deny that they are suing the same party in multiple suits. Their only argument—i.e., that their class-action allegations create a difference in parties—runs contrary to the law. Accordingly, just as in *Greene*, the parties in this case are the same as the parties in each Plaintiff's individual suit. Plaintiffs' duplicative claims here should be dismissed.

### C.  Plaintiffs' Remaining Arguments Also Fail.

Plaintiffs make additional arguments that have nothing to do with whether their claims in each case arise from the same facts or whether the parties are the same. Aside from being inapposite, these arguments fail for the legal and logical reasons described below.

#### 1.  It Does Not Matter That Plaintiffs Bring Their Minimum-Wage Claims Under Florida Law.

Plaintiffs contend that this case is different from *Greene* because they have pleaded their claims under Florida law, while the *Greene* claims were pleaded under the FLSA.[16] Ignoring the fact that their factual allegations in each case are identical,[17] they point to the different procedures and remedies provided under the different statutes.[18] But as H&R Block has already shown, it is immaterial whether Plaintiffs plead their current claims under state law or Federal law.[19] The issue is not what statutes Plaintiffs rely on, or what remedies they seek in each case, but whether the claims arise from the same nucleus of operative facts.

H&R Block has already cited decisions from the Eleventh Circuit and elsewhere recognizing that the prohibition against claim-splitting applies even when one claim is brought

---

[16] Response at 8.

[17] *See* chart comparing allegations in this case with those in *Greene*, attached to Motion as Exhibit 5.

[18] *Id.* at 3-4.

[19] Motion at 9-10.

5

under Federal law while the other is brought under state law.[20] In response, Plaintiffs add yet another. In *Aquatherm Industries, Inc. v. Florida Power & Light Co.*,[21] the Eleventh Circuit addressed whether the plaintiff's claims—one under the Lanham Act and the others under the Federal antitrust statutes—were barred by *res judicata* after a Florida state court dismissed the plaintiff's state-law claims for trade libel and product disparagement. Because the Federal courts had exclusive jurisdiction over the Federal antitrust claims—thus preventing the plaintiff from bringing those claims in the previous state-court action—the Eleventh Circuit held that they were not precluded.[22] The Lanham Act claim, however, was a different story. Unlike the antitrust claims (but like claims under the FLSA and Florida law), the Lanham Act claim was subject to concurrent jurisdiction in both the state and Federal courts. Because the plaintiff could have brought that claim in the state-court suit, the Eleventh Circuit held that it was barred.[23]

In so doing, the Court made clear that duplicative claims are subject to *res judicata* even when one is brought under state law and the other under Federal law:

> Aquatherm argues … that its Lanham Act claim in federal court involved both a different cause of action and a different form of requested relief than the claims for trade libel and product disparagement it made in state court, and that therefore res judicata should not bar the litigation of the Lanham Act claim in federal court. We agree with neither of these contentions.[24]

The Court explained why the state claims and the Federal claim were really one and the same:

> Here, Aquatherm's state claims for trade libel and product disparagement relied on the same essential facts, namely, the alleged statements made by FPL to its customers, as its later Lanham Act claim. … To treat such claims as non-identical would ignore the teaching of the *Restatement (Second) of Judgments* §

---

[20] *Jang v. United Technologies Corp.*, 206 F.3d 1147, 1149 (11th Cir. 2000); *see also Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1187 (11th Cir. 2003) (applying *Jang*); *Lyon v. Whisman*, 45 F.3d 758, 761 (3d Cir. 1995).

[21] 84 F.3d 1388 (11th Cir. 1996).

[22] *Id.* at 1391-94.

[23] *Id.* at 1394-95.

[24] *Id.* at 1394.

6

>25, cmt. e., ill. 11, which offers almost the exact situation presented here as an example of how res judicata bars a federal claim that could have been raised in an earlier state court suit. We see no reason to disregard such wisdom.[25]

Like Plaintiffs here, the plaintiff in *Aquatherm* also argued that the state and Federal claims differed because they provided different remedies. The Eleventh Circuit rejected this argument as well:

>Aquatherm also can find no purchase with its argument that the compensatory damages it sought in state court were a different form of relief from the treble damages and profits it requested in federal court. … Here, Aquatherm voluntarily chose not to urge a federal ground for recovery for the same conduct that served as the foundation of its state law claims. When the plaintiff itself splits the cause of action to suit its own purposes, we find that damages are damages, regardless of amount, for the purposes of res judicata.[26]

Plaintiffs' artificial distinction between the Federal FLSA and Florida's FMWA thus lacks any support.

Plaintiffs also make the fleeting suggestion that, were this case to be certified as a class action after Plaintiffs' dismissal from this suit, they should not be barred from recovering here as well as in their individual suits.[27] Plaintiffs' suggestion lacks legal support. They rely exclusively on *DeAsencio v. Tyson Foods, Inc.*,[28] but the language they cite is a *dictum* that has nothing to do with the claim-splitting rule or its parent doctrine *res judicata*.[29] Indeed,

---

[25] *Id.* at 1394-95 (footnote omitted).

[26] *Id.* at 1395.

[27] Response at 8.

[28] 342 F.3d 301 (3d Cir. 2003).

[29] *Id.* at 312 ("[C]ertification of the state-law class was plaintiffs' second line of attack when the FLSA opt-in period yielded a smaller than desired federal class. This may be a proper strategy where the state and federal actions raise similar issues and require similar terms of proof. But here, the state interest in whether plaintiffs may prevail on an implied contract WPCL action is disproportionately high.").

7

*DeAsencio* does not even mention these doctrines. Plaintiffs cannot circumvent the claim-splitting rule or *res judicata* just because they have styled this case as a class action.[30]

### 2. Plaintiffs' Jurisdiction-Based Argument Is a Red Herring and Lacks Legal Support.

Finally, Plaintiffs suggest that bringing their minimum-wage claims together with their separate overtime claims would create "Undesirable Jurisdictional Complexities."[31] They argue that, because some Federal courts have decided in particular cases not to exercise supplemental jurisdiction over their state-law claims, the courts handling Plaintiffs' individual FLSA claims might do the same. As an initial matter, this argument has nothing to do with the relevant issues—namely, whether the overtime and minimum-wage claims arise from the same nucleus of operative facts and whether the parties in each case are the same.

Moreover, Plaintiffs' argument lacks legal support. Plaintiffs build their position around the holding in *Aquatherm*, *supra* that *res judicata* does not bar a Federal claim that could not have been asserted in a prior state-court action because the state court lacked jurisdiction.[32] First, that portion of *Aquatherm* does not apply here because both state and Federal courts share concurrent jurisdiction over their FLSA and state-law claims.[33] Second, nothing in *Aquatherm* condones splitting claims into state-law and Federal-law moieties and pursuing them separately. To the contrary, it expressly states that such tactics are improper:

> Florida law is clear that "[t]he rule against splitting causes of action makes it incumbent upon plaintiffs to raise all available claims involving the same circumstances in one action." *Department of Agric. and Consumer Serv. v. Mid-Florida Growers, Inc.*, 570 So.2d 892, 901 (Fla. 1990). Aquatherm did not abide by this rule, but elected instead to bring only its state law claims in the

---

[30] *See Ridge Gold*, *supra*, 572 F. Supp. at 1213-14. *Cf. Newton v. Southern Wood Piedmont Co.*, 163 F.R.D. 625, 635 (S.D. Ga. 1995) (finding that association lacked standing as class representative in part because some of its members may have previously litigated their claims).

[31] Response at 6.

[32] *Id.*

[33] *See* 29 U.S.C. §216(b); FLA STAT. 448.110(6)(a).

initial state court litigation. We therefore agree with the district court that Aquatherm's Lanham Act claim is barred by res judicata.[34]

Indeed, *none* of the authorities Plaintiffs cite for their jurisdiction-based argument endorse splitting claims that arise from the same facts.[35] They do not even *mention* claim-splitting or *res judicata*, let alone create exceptions. For that reason alone, they are inapposite to the issue presently before the Court.

Moreover, Plaintiffs' suggestion that Federal courts cannot simultaneously handle claims under the FLSA and the Florida minimum-wage laws overlooks the many cases in which the courts have done just that. For example, the court in *Vitola v. Paramount Automated Food Svcs., Inc.*[36] allowed the plaintiffs to proceed with both FLSA claims (overtime and minimum-wage) and FMWA claims. In so doing, the court specifically rejected the notion that it lacked subject-matter jurisdiction over the FMWA claims.[37] Similarly, the court in *Chuy v. Hilton Mgmt. LLC*[38] allowed the plaintiffs to proceed with FLSA and FMWA claims, even though they had brought the FMWA claims on behalf of a class. And in *Perez v. Palermo Seafood, Inc.*,[39] the court conducted a trial on both FLSA and FMWA claims. These cases eviscerate Plaintiffs' conjecture that jurisdictional issues will plague their individual cases if they are ordered to comply with the claim-splitting doctrine.

---

[34] *Aquatherm*, 84 F.3d at 1395.

[35] *Demauro v. The Limo, Inc.*, No. 8:10-cv-413-T-33AEP, 2010 WL 2471501 (M.D. Fla. June 17, 2010); *Kwasnik v. Charlee Family Care Svcs. of Central Florida, Inc.*, No. 6:08-cv-926-Orl-31KRS, 2009 WL 1607809 (M.D. Fla. June 9, 2009); *Santiago v. Wm. G. Roe & Sons, Inc.*, No. 8:07-CV-1786-T-27MAP, 2008 U.S. Dist. LEXIS 60719 (M.D. Fla. July 28, 2008); *Johnson v. Express Svc. Messenger & Trucking, Inc.*, No 07-20007-CIV-MORENO/SIMONTON, 2008 U.S. Dist. LEXIS 60243 (S.D. Fla. July 25, 2008); *Castillo v. N&R Svcs. of Central Florida, Inc.*, No. 8:07-cv-1804-T-26EAJ, 2008 U.S. Dist. LEXIS 36882 (M.D. Fla. May 1, 2008); Christopher M. Pardo, *The Florida Minimum Wage Act: Thoughts on the Impending Notice Debate*, 22 ST. THOMAS L. REV. 197 (Winter 2010).

[36] No. 08-61849-CIV, 2009 WL 3242011 (S.D. Fla. Oct. 6, 2009).

[37] *Id.* at *5-6.

[38] No. 6:10-cv-178-Orl-31DAB, 2010 WL 1854120 (M.D. Fla. May 10, 2010).

[39] 548 F. Supp. 2d 1340 (S.D. Fla. 2008).

Ultimately, Plaintiffs' entire jurisdiction-based argument is a red herring. It has nothing to do with the rule against claim-splitting, but merely seeks to apply an unfounded exception to that rule. Plaintiffs ask the Court to speculate about what legal issues might arise in their individual cases and how the courts might use their discretion to address those issues. Based on this conjecture, they ask the Court to allow them to split their claims despite the established rule against that practice, and contrary to Judge King's ruling on this very issue. And they fail to supply any authority to support their attenuated position. Because there is no reason to deviate from the time-honored prohibition against claim-splitting, the Court should reject Plaintiffs' invitation to do so. H&R Block's Motion should be granted.

### III.    CONCLUSION

Plaintiffs cannot legitimately split their claims into multiple actions. Yet there is no legitimate dispute that they are currently suing the same defendant in separate actions for claims that arise from the same nucleus of operative facts. Plaintiffs admit that the only difference between this case and their individual cases is when during each work week a given unpaid hour allegedly occurred. Such a theory is the quintessence of claim-splitting. And although Plaintiffs seek an exception to the rule, their arguments for doing so lack any support. Because there is no reason to deviate from the well established rule against claim-splitting, H&R Block's Motion should be granted.

Dated: June 13, 2011                     Respectfully submitted,

                                          s/ Reed L. Russell
                                        Dennis M. McClelland
                                           Florida Bar ID No. 0091758
                                           dennis.mcclelland@phelps.com
                                        Reed L. Russell
                                           Florida Bar ID No. 184860
                                           reed.russell@phelps.com
                                        PHELPS DUNBAR LLP
                                        100 South Ashley Dr., Suite 1900
                                        Tampa, FL 33602
                                        Telephone:   (813) 472-7550
                                        Facsimile:   (813) 472-7570

-and-

Robert J. Carty, Jr.
  Texas Bar ID No. 00788794
  (Admitted *pro hac vice*)
  rcarty@seyfarth.com
Esteban Shardonofsky
  Texas Bar ID No. 24051323
  (Admitted *pro hac vice*)
  sshardonofsky@seyfarth.com
SEYFARTH SHAW LLP
700 Louisiana St., Suite 3700
Houston, TX  77002
Telephone:   (713) 225-2300
Facsimile:    (713) 225-2340

Attorneys for Defendant H&R Block

11

12

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 13, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record as identified below via transmission of Notice of Electronic Filing generated by CM/ECF.

       s/ Reed L. Russell
      Attorney for Defendant H&R Block

**SERVICE LIST**

Anthony M. Georges-Pierre, Esq.
agp@rgpattorneys.com
REMER & GEORGES-PIERRE, PLLC
11900 Biscayne Boulevard
Suite 228
Miami, Florida 33181
Tel.:   (305) 416-5000
Fax:   (305) 416-5005

Attorneys for Plaintiff