UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 11-20335-Civ-COOKE/TURNOFF

MIRTA KHAN, *et al.*,

    Plaintiffs
vs.

H&R BLOCK EASTERN ENTERPRISES, INC., *et al.*,

    Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS

THIS MATTER is before me on Defendants' Motion to Dismiss Certain Plaintiffs Based on the Rule Against Claim Splitting (ECF No. 21). This case involves alleged violations of the Florida Minimum Wage Act ("FMWA") and Article X, Section 24 of the Florida Constitution ("Article X") by defendants H&R Block Eastern Enterprises, Inc. ("H&R Block"). I have reviewed the arguments, the relevant legal authorities and have taken judicial notice of *Illano v. H&R Block Eastern Enterprises, Inc.*, No. 09-CV-22531, 2009 WL 3119610 (S.D. Fla. Aug. 27, 2009) and *Greene v. H&R Block Eastern Enterprises, Inc.*, 727 F. Supp. 2d 1363 (S.D. Fla. 2010). For the reasons stated below, the motion to dismiss is granted.

### I. Background

Plaintiffs filed this action to recover unpaid compensation for alleged breaches of FMWA and Article X. Due to the significant relationship between the parties and factual allegations in *Illano*, *Greene* and this case, I must explain the three cases in detail.

***Joaquin Illano v. H.R. Block Eastern Enterprises, Inc., et al.***

On August 27, 2009, plaintiff Joaquin Illano ("Illano") filed a complaint in this district against the defendants alleging violations of the Fair Labor Standards Act ("FLSA"), to which

other similarly situated persons ("opt-in plaintiffs") joined. Illano filed the action to recoup wages for unpaid "straight or overtime" hours worked rendering tax services on the defendants' behalf. The plaintiffs claimed that the defendants violated FLSA standards by withholding compensation for work done beyond forty hours per week.

Initially, the plaintiffs attempted to certify the claim as a class action to include 80,000 individuals nationwide. The Court refused to grant conditional certification upon finding that the nationwide class was not similarly situated to representative plaintiff Illano. The Court did, however, provide leave for the plaintiffs to renew the motion with a modified class definition. On January 18, 2010, the plaintiffs filed a second and narrower motion to certify employees within Miami-Dade County, which the Court awarded conditionally to the sixty-seven plaintiffs.

The defendants countered with a motion for decertification. The Court performed a "totality of the circumstances" analysis to determine whether the plaintiffs were similarly situated. Judge James L. King found that the plaintiffs failed to demonstrate that the defendants uniformly subjected them to a policy of withholding compensation. Though there may have been a corporate directive, the plaintiffs were required to show that they were treated uniformly within their respective offices across Miami-Dade County. The plaintiffs were unable to satisfy this burden. Furthermore, many opt-in plaintiffs required individualized consideration regarding the FLSA statute of limitations. This factor weighed against granting the collective action because the plaintiffs could proceed under either a two-year or three-year statute of limitations dependent on the willfulness of the FLSA violation. Thus, recognizing the degree of individual inquiry required, the Court decided that the totality of the circumstances compelled them to grant the defendants' motion to decertify the class action.

***Rita Greene v. H&R Block Eastern Enterprises, Inc. et al.***

On May 21, 2010, the plaintiffs filed another complaint in this district alleging that defendants committed FLSA violations against thirty former H&R Block tax preparers, tax professionals, and tax associates. This complaint consisted of a new representative plaintiff, Rita Greene ("Greene"), plaintiffs in *Illano*, and additional similarly situated individuals. The plaintiffs alleged that the defendants forced them to work in excess forty hours "off the clock" so they would not receive overtime compensation. Though the matters were based on the same set of operative facts, the *Greene* complaint differed from *Illano* in two notable regards. Unlike *Illano*, the *Greene* plaintiffs claimed that the defendants' unwillingness to pay overtime hours resulted in the defendants' failure to provide minimum wage and compensation for mandatory training sessions.

The defendants responded by moving the Court to dismiss the complaint based on the rule against claim-splitting and the plaintiffs' failure to comply with the decertification ruling in *Illano*. The Court applied the test for claim preclusion to determine which claim should survive when two or more related claims exist. *Greene*, 727 F. Supp. 2d at 1367. Pursuant to the rule against claim-splitting, a court may dismiss a duplicative claim if the subsequently filed suit involves the same parties or their privies and arises from the same transaction or series of transactions as the initial suit. *Zephyr Aviation III, L.L.C. v. Keytech Ltd.*, 2008 WL 759095, *2 (M.D. Fla. 2008). Judge King declared that the defendants satisfied this standard because the defendants, and at least seven plaintiffs, were the same in both suits. *Greene*, 727 F. Supp. 2d at 1367. The plaintiffs also failed to expose any differences in operative facts to challenge whether the suits arose from the same transaction or series of transactions. *Id.* To the contrary, counsel for plaintiffs conceded that the claims possessed common questions of law and fact, and that the

3

cases were effectively identical. *Id.* at 1368. This may have supported the plaintiffs' assertion for consolidation; however, doing so would have permitted "back-door entry" into the *Illano* class action suit. *Id.* Since many opt-in plaintiffs failed to join by the court ordered deadline, they were prohibited from subsequently joining. *Id.* Based on these recognitions, the Court granted the defendants' motion and mooted the *Illano* decertification issue. *Id.* at 1369.

***Mirta Khan vs. H.R. Block Eastern Enterprises, Inc. et al.***

On January 12, 2011, the plaintiffs filed a third related complaint against the defendants in the Miami-Dade County Circuit Court. Similar to *Illano* and *Greene*, the plaintiffs in this case consist of a putative class of Defendants' former employees, and seek to recover compensation for mandatory training classes, and work performed "off the clock." (*Class Action Compl.* ¶ 10). The complaint alleges that the defendants' branch supervisors forced the plaintiffs to work below the forty-hour weekly schedule to prevent overtime payments, and receive compensation notably below the Florida minimum wage. (*Id.*). This action differs from *Illano* and *Greene* by omitting FLSA claims, and instead alleging violations of the FMWA and Article X. (*Id.* at ¶ 9). Representative plaintiff Mirta Khan ("Khan") initiated the cause of action, to which sixty-three similarly situated employees opted-in.

On January 31, 2011, the defendants filed a Notice of Removal to this district pursuant 28 U.S.C. §§ 1441 and 1446. This Court has original jurisdiction under 28 U.S.C. § 1332(d)(2) because the plaintiffs' circuit court complaint was filed as a class action, and the amount in controversy exceeds $5,000,000. (*Notice of Removal*, 3, ECF No. 1). On April 28, 2011, Khan filed a motion to declare similarly situated plaintiffs as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure. (*See Pl.'s Mot. for Declaration of a Class Action and Supporting Mem. of Law*, ECF No. 15). The motion indicates that the members of the similarly situated

4

class only consist of persons who worked for the defendants during the four years preceding this action as tax preparers, tax specialists and/or tax professionals. (*Id.* at ¶ 2).

On May 16, 2011, the defendants responded to this motion by addressing plaintiffs' arguments and suggesting that they did not meet the typicality and the adequacy requirements of Rule 23(a). (*Def.'s Response in Opposition to Plaintiffs' Mot. for Declaration of a Class Action*, ECF No. 20). Additionally, the defendants have argued that the plaintiffs' claims under Rule 23(b)(3) are insufficient, fail to show that the questions of law and fact common to the class members predominate over the individual class, and fail to establish that class action is superior to other methods of adjudicating the controversy. (*Id.*). The defendants also filed a motion to dismiss the complaint on the pleadings, for lack of jurisdiction and failure to state a claim, contending that the claims are barred because the forty-seven members of the punitive class have filed simultaneous actions within the district, that the class should be decertified and that the instant action should be dismissed. (*Def.'s Mot. to Dismiss*, ECF No. 21).

## II. Legal Standards

***Motion for Judgment on the Pleadings pursuant Rule 12(c)***

A district court may issue a judgment on the pleadings upon motion of either or both parties at the close of pleadings. Fed. R. Civ. P. Rule 12(c). "Judgment on the pleadings is appropriate when material facts are not in dispute and judgment can be rendered by looking at the substance of the pleadings and any judicially noticed facts." *Bankers Ins. Co. v. Florida Residential Property and Cas. Joint Underwriting Ass'n*, 137 F.3d 1293, 1295 (11th Cir. 1998). A court may render this judgment when there are no material facts at dispute, and the movant may receive judgment as a matter of law based on the pleadings and judicial facts alone. *Cunningham v. District Attorney's Office for Escambia County*, 529 F.3d 1237, 1255 (11th Cir.

5

2010). The motion may not be granted "unless it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hawthorne v. Mac Adjustment, Inc.*, 149 F.3d 1367, 1370 (11th Cir. 1998). Such a motion pursuant to this rule, however, may only be granted when the pleadings are closed. *Fed. R. Civ. Pro.* Rule 12(c); *see Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). If the pleadings remain open, then the motion for judgment under Rule 12(c) is not appropriate. *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 n.8 (11th Cir. 2002).

***Motion to Dismiss pursuant Rule 12(b)(1)***

Under Rule 12(b)(1), a challenge to subject matter jurisdiction occurs by either a facial or factual attack of a plaintiff's claim. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). "Facial attacks on the complaint require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction and the allegations of his complaint are taken as true for the purpose of the motion." *Id.* (citations omitted). "[F]actual attacks challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* Pursuant to a party's motion to dismiss for lack of subject matter jurisdiction, a district court may independently weigh the facts without presuming truth to a plaintiff's allegations. *Morrison v. Amway Corp.*, 323 F.3d 920 (11th Cir. 2003). A court may scrutinize the record to a greater extent than a Rule 56 motion for summary judgment because the motion challenges the district court's fundamental authority to preside over a matter. *See Id.* at 925 (citing *Lawrence*, 919 F.2d at 1529). Unlike Rule 56, a Rule 12(b)(1) motion can be granted notwithstanding the existence of disputed facts. *Lawrence*, 919 F.2d at 1529; *see also Morrison*, 323 F.3d at 925. Though the district court has expansive discretion to conclude facts under Rule 12(b)(1), the court must

evaluate such facts without implicating the merits of a plaintiff's actions. *Garcia v. Copenhaver, Bel & Assoc., M.D.'s, P.A.*, 104 F.3d 1256, 1261 (11th Cir. 2003). A court need "not speculate concerning the existence of standing . . . [i]f the plaintiff fails to meet its burden, this court lacks the power to create jurisdiction by embellishing a deficient allegation of injury." *DiMaio vs. Democratic Nat. Committee*, 520 F.3d 1299 (11th Cir. 2008) (quoting *Miccosukee Tribe of Indians of Fla. vs. Fla. State Athletic Comm'n*, 226 F.3d 1226, 1229 (11th Cir. 2000)).

***Motion to Dismiss pursuant Rule 12(b)(6)***

The district court may grant a motion to dismiss under Federal Rules of Civil Procedure Rule 12(b)(6) if a plaintiff's complaint fails to state a claim upon which relief can be granted. When evaluating the viability of such a motion, the court evaluates whether a complaint contains "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 547, 127 S.Ct. 1955, 1960 (2007). The relief sought must rise above the level of mere probability or conceivability to that of plausibility. *Id.* Thus, a complaint that fails to satisfy this burden may be dismissed accordingly. *Id.*

It must be noted that "[j]urisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which [plaintiffs] could actually recover. For it is well settled that failure to state a proper cause of action calls . . . not for a dismissal for want of jurisdiction." *Bell v. Hood*, 327 U.S. 678, 682 (1946). "Whether the complaint states a cause of action on which relief could be granted is a question of law and must be decided after . . . the court has assumed jurisdiction over the controversy." *Id.* "If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal would . . . not [be] for want of jurisdiction." *Id.* There is an exception, however, that allows the court to grant such a dismissal if "the alleged claim under the Constitution or

7

federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction." *Id.*

### III. Discussion

There are a multitude of plaintiffs participating in this action that have filed an individual action against the defendants in this district, and/or been a plaintiff in the *Illano* and/or *Greene* matters. The fifty-one plaintiffs in this case are associated with separate individual actions against the defendants in this district before Judge Cecelia M. Altonaga, Judge Donald L. Graham, Judge Paul C. Huck, Judge Adalberto Jordan, Judge James L. King, Joan A. Leonard, Judge Jose E. Martinez, Judge K. Michael Moore, Judge Federico A. Moreno, Judge Patricia A. Seitz, Judge Ursula Ungaro, and the undersigned:

> *Tadberry Mumford vs. H&R Block Eastern Enter., Inc.*, Case No. 11-cv-21026-CMA (dismissed without prejudice)
>
> *Lakisha Y. Westberry vs. H&R Block Eastern Enter., Inc.*, Case No. 11-cv-20195-CMA (dismissed without prejudice)
>
> *Michael Anthony Hallmond, Patricia V. Norena, Sonya Blair, Antoinette Young vs. H&R Block Eastern Enter., Inc.*, Case No. 11-cv-20150-CMA
>
> *Rita Greene vs. H.R. Block Eastern Enter., Inc.*, Case No. 11-cv-20190-DLG
>
> *Deliana Jarquin vs. H.R. Block Eastern Enter., Inc.*, Case No.11-cv-21023-PCH
>
> *Terry Norris vs. H.R. Block Eastern Enter., Inc.*, Case No. 11-cv-20197-AJ (consolidation motion pending)
>
> *Yudenia Cruz vs. H.R. Block Eastern Enter., Inc.*, Case No. 11-cv-21036-AJ
>
> *Shenicka Gaskin, Nicole Rahmings, Pauline Mumford, Nancy El Amir vs. H.R. Block Eastern Enter., Inc.*, Case No. 11-cv-21148-AJ
>
> *Ernest Jackson vs. H.R. Block Eastern Enter., Inc.*, Case No. 11-cv-20217-JLK
>
> *Mirta Khan vs. H.R. Block Eastern Enter., Inc.*, Case No. 11-cv-20217-JLK
>
> *Josefina Silva v. H.R. Block Eastern Enter., Inc.*, Case No. 11-cv-20119-JAL

(dismissed without prejudice)

*Deborah McPherson vs. H.R. Block Eastern Enter., Inc.*, Case No. 11-cv-21129-JAL (dismissed with prejudice)

*Dimenty Sylvain, Christian Louis, Gerald Freeman, Arkeshina Ellington vs. H.R. Block Eastern Enter., Inc.*, Case No. 11-cv-21154-JAL

*Allicia Ellick vs. H.R. Block Eastern Enter., Inc.*, Case No. 11-cv-21028-JAL (dismissal with prejudice)

*Jaqueline McDougal, Margarita Arroyo, Alicia Jones, Myena Cotto, Phyllis Nicholas vs. H.R. Block Eastern Enter., Inc.*, Case No. 11-cv-21144-JEM

*Sandra Thomas vs. H.R. Block Eastern Enter., Inc.*, Case No. 11-cv-21029-JEM

*Keith P. Hardemon vs. H.R. Block Eastern Enter., Inc.*, Case No. 11-cv-20193-KMM

*Silvia Pastor vs. H.R. Block Eastern Enter., Inc.*, Case No. 11-cv-20191-FAM (dismissed with prejudice)

*Samuel Paul vs. H.R. Block Eastern Enter., Inc.*, Case No. 11-cv-21083-PAS

*Carlos Heredia vs. H.R. Block Eastern Enter., Inc.*, Case No. 11-cv-20830-PAS

*Lynnette Lawrence, Hayden Ruiz, Cary Riveron vs. H.R. Block Eastern Enter., Inc.*, Case No. 11-cv-21156-PAS

*Colleen Decrescente vs. H.R. Block Eastern Enter., Inc.*, Case No. 11-cv-20198-UU

*Robert Green vs. H.R. Block Eastern Enter., Inc.*, Case No. 11-cv-20832-UU (in mediation)

*Stephanie Lightsey-DeLeon vs. H.R. Block Eastern Enter., Inc.*, Case No. 11-cv-20955-UU (in mediation)

*Hermilda McCown, Vidal Rivera, Roxana Robles, Tonya D. Lewis, Darcell N. Allen vs. H.R. Block Eastern Enter., Inc.*, Case No. 11-cv-21146-MGC

*Carmen A. Otero, Frantz Nazaire, Geneva Bullard, Patricia A. Otazo, Millicent Brady vs. H.R. Block Eastern Enter., Inc.*, Case No. 11-cv-21142-MGC

*Deowanti Singh vs. H.R. Block Eastern Enter., Inc.*, Case No. 11-cv-20954-MGC (in mediation)

*Kantrell Marquet Young vs. H.R. Block Eastern Enter., Inc.*, Case No. 11-cv-20196-MGC (dismissal motion pending)

Twelve of these matters have either been dismissed, have a pending motion to dismiss or in mediation (see above). After dismissing the claims in *Greene* with prejudice, Judge King noted that the plaintiffs maintained their right to proceed individually. *Greene*, 727 F. Supp. at 6 (ruling that the plaintiffs may "pursue individual actions[s] if they are so inclined, so long as any action complies with procedural safeguards and limitations."). There are fourteen plaintiffs in this case that have not filed individual claims.[1] Of the plaintiffs that have filed individual claims, seventeen participated as plaintiffs in both the *Illano* and *Greene* matters. Thirty-one plaintiffs in this case participated in *Illano* but did not opt-in *Greene*. Nine plaintiffs took part in *Greene* but were not part of *Illano*. Since the motion is directed towards the dismissal of the fifty-one plaintiffs that have filed separate individual claims in this district, I will first address whether these claims were split impermissibly. I will then address the viability of the plaintiffs' independent claims and at which level they may proceed. Finally, I will analyze whether the remaining fourteen plaintiffs may certify as a class.

**A. Impermissible Claim-Splitting**

As indicated above, federal courts borrow from the *res judicata* test for claim preclusion to determine whether plaintiffs' claims were split improperly. The two-factor test analyzes (1) whether the case involves the same parties and their privies, and (2) whether separate cases arise from the same transaction or series of transactions. *See Zephyr Aviation*, 2008 WL 759095, at *6 (citing *Adams v. California Department of Health Services*, 487 F.3d 684 (9th Cir. 2007); *see*

---

[1] Jidya De La Vega, Daniel Elie, Cordelia Wright, Virginia Block, Julnor Jean, Nelly Lugo, Isbelinda Miguel, Laura Diaz, Pricilla Hardaway, Jodi Vasquez, Dennis Rodd, Eduardo Uribe, Alicia Higgs and Ana Maria Heredia (the "fourteen plaintiffs")

*also Borrero v. United Healthcare of New York, Inc.*, 610 F.3d 1296 (11th Cir. 2010) (listing the four *res judicata* factors a district court considers in determining whether a claim is precluded).

Duplicative complaint jurisprudence prohibits a plaintiff from splitting their claims and filing them separately in an effort to expand legal rights. *See Curtis*, 226 F.3d at 140.  Plaintiffs may not proceed with "piecemeal [claims], or present only a portion of the grounds upon which relief is sought, and leave the rest to be presented in a second suit." *Greene*, 727 F. Supp. 2d 1363, 1367.  Furthermore, the Supreme Court unequivocally reiterated the general principle that federal district courts must avoid duplicative litigation when plaintiffs possess multiple, similar claims that are pending.  *See Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976).

A significant difference between the plaintiffs' individual claims and those filed here is the law under which the violations are alleged.  The individual claims are sought under FLSA; whereas, the collective claims filed in this matter are pursuant to FMWA.  The plaintiffs argue that the difference in statute of limitations between the two actions precludes this Court from awarding this motion.  Furthermore, the plaintiffs contend that the remedies available under FLSA and FMWA differ, with the latter providing minimum wage guarantees.

Though the plaintiffs make intriguing assertions, their arguments are nonetheless inapplicable to the issues before the Court on this motion.  The Court's determination is directed by the consideration of whether the cases involved the same parties, and whether the separate cases arise from the same transaction(s).  *Zephyr Aviation*, 2008 WL 759095, at *2.  Thus, it considers whether the plaintiffs and defendants are identical, and whether the respective claims arise from the same nucleus of operative facts.  As the pleadings indicate, the fifty-one plaintiffs in this case have filed individual actions in this district.  Additionally, the plaintiffs' individual

actions and those currently before the Court derive from the defendants' alleged refusal to render payment of hours worked.

While the plaintiffs' individual claims allege the defendants failed to provide overtime compensation and their current action alleges failure to pay minimum wage, these actions both relate to the same, continuous failure to receive payment. In the related *Greene* matter, Judge King addressed this issue, and reached the same conclusion. *See Greene*, 727 F.Supp. at 5 (recognizing the commonalities of law and fact within *Illano* and *Greene*). The defendants in this matter cite *Fernandes v. Quarry Hill*, 210 WL 5439785, (D. Mass. Dec. 28,2010), where the Massachusetts district court presided over an identical matter concerning both FLSA and state claims. That court ultimately determined that the plaintiffs' state and federal claims "[arose] from a common nucleus of operative fact . . . out of the plaintiffs' employment relationship with the defendants and their assertion that they were not paid for all of the time they worked." *Fernandes*, 210 WL 5439785, at *7 (declaring that the plaintiffs' causes of action were identical under *res judicata*).

*Greene* and *Fernandes* guide this Court in its finding that the individual claims do not survive the two-factor claim-splitting test because the parties are the same in their individual suits, and the claims derive from the same operative facts pertaining to plaintiffs' withheld compensation. This Court therefore finds that the fifty-one plaintiffs that filed duplicative claims violated the rule against claim-splitting, and the defendants' motion to dismiss should be granted.

**B. Rule 23(a) Certification of Remaining Plaintiffs**

Rule 23(a) of the Federal Rules of Civil Procedure lists four requirements to certify a class action: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative

parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Although the district court is not to resolve the merits of an overarching claim, it may interpret the merits to the extent necessary to determine whether Rule 23 prerequisites have been fulfilled. *Walmart Stores v. Dukes*, 131 S.Ct. 2541, 2551 (2011) (declaring that a court may perform a "rigorous analysis" beyond the face of pleadings to determine if prerequisites for Rule 23(a) are satisfied); *see also Heffner v. Blue Cross Blue Shield of Alabama, Inc.*, 443 F.3d 1330 (11th Cir. 2006). A district court is to interpret whether the plaintiffs' claims involve the same subject and parties, and arise in the same district and from the same transaction. *See Curtis*, 226 F.3d at 139. If the court finds an insufficient nexus between members of a conditionally certified class and the individual, then decertification of the class and dismissal of claim-splitting plaintiff(s) is appropriate. *Contra Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332 (11th Cir. 1984) (stating that "a sufficient nexus is established if the claims or defenses of the class and the class representative arise from the same event or pattern or practice or are based on the legal theory."). Lastly, the court is to adhere to the doctrine of *res judicata* – preclusion from "splitting of a single cause of action and the use of several theories of recovery as the basis for separate suits" – in considering the duplicity of claims and the certification of a class under Rule 23. *See Shaver v. F.W. Woolworth Co.*, 840 F.2d 1361 (7th Cir. 1988).

       The decisions pertaining to class certification rest within the ambit of judicial discretion, and remain after the decision is rendered. *See Freeman v. Motor Convoy, Inc.*, 700 F.2d 1339, 1347 (11th Cir. 1983); *see also General Telephone Co. of the Southwest v. Falcon*, 457 U.S. 147 (1982). Under Rule 23(a), plaintiffs wishing to certify a class must demonstrate the existence of all four prerequisites. Fed. R. Civ. P. Rule 23(a)(1)-(4). The absence of any of these elements

disqualifies class certification. Additionally, plaintiffs attempting to certify a class must also fulfill at least one requirement under Rule 23(b).

Originally, this action consisted of sixty-five conditionally certified class members; however, upon this Court's decision to dismiss the fifty-one Plaintiffs that have filed duplicative complaints, the remaining class consists of fourteen members. In evaluating whether the remaining members fulfill the numerosity requirement, Eleventh Circuit case law has not provided a specific number that satisfies this prerequisite. Generally, classes consisting of more than forty members have been approved for the numerosity requirement; however, those with less than twenty-six members have been deemed insufficient. *See Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546 (11th Cir. 1986) (citing *3B Moore's Federal Practice* ¶ 23.05[1] at n. 7 (1978)). The fourteen remaining members fall below the Eleventh Circuit's directive in *Cox*, and therefore do not satisfy this element.

Impracticality of joinder is not to be interpreted in the ordinary sense; rather, this aspect of the first element refers to the logistical challenges and inconveniences associated with class certification. In the plaintiffs' motion for declaration of a class action, they identify the following factors to be considered in evaluating practicality: size of the class, the ease of identifying class members and their addresses, the facility of making service on them if joined and their geographical dispersion. The fourteen plaintiffs in this case have been identified, their addresses have been obtained, and their geographical location is limited to the Miami-Dade County area. Nonetheless, they are numerically insufficient and thus do not satisfy all of the elements under Rule 23(a)(1).

Since the plaintiffs do not satisfy Rule 23(a)(1), it is unnecessary to proceed to the second, third or fourth elements, or with the requirements under Rule 23(b). Therefore, the

fourteen plaintiffs may not certify their claims as a class action. Additionally, the fourteen plaintiffs may not proceed individually in this district because their independent claims do not satisfy the requisite amount in controversy of $75,000. 28 U.S.C. § 1332(a). The remaining plaintiffs may invoke the jurisdiction of the Florida county courts should their individual actions not exceed $15,000. Fla. Stat. § 34.01. If their claims exceed the county court jurisdictional amount, the plaintiffs may proceed individually in the Florida circuit courts.

## IV. Conclusion

For the reasons explained above, it is hereby **ORDERED and ADJUDGED** that Defendants' Motion to Dismiss Certain Plaintiffs Based on the Rule Against Claim-Splitting (ECF No. 21) is **GRANTED**. The fifty-one plaintiffs that have filed duplicative claims are dismissed and must proceed individually with their pre-existing claims. Additionally, the plaintiffs' Motion to Certify Class (ECF No. 14) is **DENIED.** The remaining plaintiffs that have not filed individual actions must also proceed individually because they do not satisfy Rule 23(a) requirements for class certification. Should they please, these plaintiffs may file their claims in the Florida county or circuit courts. The Clerk is directed to **CLOSE** this case. All pending motions are **DENIED** *as moot*.

**DONE and ORDERED** in chambers at Miami, Florida this 29th day of July 2011.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge